**ORIGINAL**

In the United States Court of Federal Claims

No. 15-704C
(Filed: September 19, 2016)
NOT FOR PUBLICATION

FILED
SEP 19 2016
U.S. COURT OF
FEDERAL CLAIMS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

PATRICIA A. LEONARD,

    *Plaintiff*,

Military Pay; Statute of Limitations; Claim Accrual

v.

THE UNITED STATES,

    *Defendant*,

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

    *Patricia A. Leonard*, Lynnwood, WA, *pro se*.

    *Jana Moses*, Trial Attorney, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, for defendant, with whom were *Benjamin C. Mizer*, Principal Deputy Assistant Attorney General, Robert E. Kirschman, Jr., Director, *Douglas K. Mickle*, Assistant Director. *Patrick McGrath*, Litigation Attorney, U.S. Army Legal Services Agency, of counsel.

OPINION

BRUGGINK, *Judge*.

    Plaintiff, Major Patricia A. Leonard, USA, Retired, who appears *pro se*, alleges in her complaint, *inter alia*, that the Army improperly denied her both a promotion to Lieutenant Colonel (O-5) and disability retirement benefits. Pending is defendant's motion to dismiss for lack of jurisdiction. For the reasons set out below, defendant's motion is granted.

## BACKGROUND

Plaintiff served twenty-two years in the active reserve as well as fourteen years as an Army civilian. Plaintiff was diagnosed with multiple personality disorder and major depressive disorder by a Medical Evaluation Board ("MEB") in October of 1993. The MEB determined that plaintiff's conditions were such that she could return to duty with coinciding care, and an informal Physical Evaluation Board ("PEB") agreed with the MEB's findings one month later. In February 1994, a formal PEB concluded that plaintiff's medical conditions were service-aggravated and granted her a seventy percent disability rating.

Plaintiff then sought a modification of the formal PEB's decision in an attempt to add an additional fifty percent rating due to her migraine headaches. A second formal PEB reconsidered plaintiff's entire case and concluded that her conditions developed naturally and were not related to her military service. As a result, the second PEB denied plaintiff the disability retirement that the original PEB granted her. The Physical Disability Agency affirmed the second PEB's decision in August 1994, and the Secretary of the Army approved the Physical Disability Agency's determination in May 1995. Plaintiff was released from active duty on June 26, 1995 at the rank of Major.

On November 29, 1993, plaintiff was selected for promotion to Lieutenant Colonel. In early February 1994, President Clinton approved a nomination list that included plaintiff's promotion, and the Senate confirmed the list a few days later. Plaintiff, however, never received her promotion orders. From 1996 to 2009, plaintiff submitted six requests to the Army Board for Correction of Military Records ("ABCMR") seeking a promotion to Lieutenant Colonel and disability compensation. The ABCMR acknowledged errors in plaintiff's military records and issued corrected documents but ultimately denied each request. Plaintiff began receiving military retired pay as a Major when she turned sixty on February 16, 2009.

## DISCUSSION

*Pro se* plaintiffs are afforded latitude in their filings, *see, e.g., Henke v. United States*, 60 F.3d 795, 799 (Fed.Cir. 1995), and are entitled to a liberal construction of their pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520

(1972) (requiring that allegations contained in a *pro se* complaint be held to "less stringent standards than formal pleadings drafted by lawyers"). That said, the *pro se* plaintiff is not relieved of her duty to meet the court's jurisdictional requirements. *See Henke*, 60 F.3d at 799. Before the court considers the merits of a complaint, it must determine the threshold matter of subject-matter jurisdiction. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998). Because we are deciding a motion to dismiss, we construe the allegations in the complaint in the light most favorable to plaintiff and assume all unchallenged factual allegations to be true. *See, e.g., Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995).

This court's primary source of jurisdiction is the Tucker Act, which grants jurisdiction over certain claims seeking money damages from the United States. *See* 28 U.S.C. § 1491(a)(1) (2012). All claims brought under the Tucker Act are subject to a six-year statute of limitations. 28 U.S.C. § 2501. Accordingly, for this court to entertain plaintiff's suit, she must have filed within six years after her claim accrued. As a general matter, a claim accrues "when all the events have occurred that fix the alleged liability of the government and entitle the claimant to institute an action." *Ingrum v. United States*, 560 F.3d 1311, 1314 (Fed.Cir. 2009) (citing *Alliance of Descendants of Tex. Land Grants v. United States*, 37 F.3d 1478, 1481 (Fed.Cir. 1994)). Plaintiff asserts a claim for wrongful denial of a promotion and associated back pay as well as a claim for disability compensation. We consider each of plaintiff's claims in turn.

Defendant argues that plaintiff's claim seeking a promotion and associated back pay accrued on June 26, 1995, the date of her release from active duty. In her complaint, plaintiff seeks promotion orders to Lieutenant Colonel effective June 27, 1995, and back pay from February 16, 2009, when she began receiving retired pay as a Major. In plaintiff's opposition to defendant's motion to dismiss, she argues that the statute of limitations did not start running on the date she was separated from active duty because she was not able to receive any pay until the date of her retirement.

Whatever merit there is in plaintiff's argument, she still runs afoul of the six-year statute of limitations. At the very latest, plaintiff's claim accrued when she turned sixty and began receiving retirement pay on February 16, 2009. This is the latest arguable date in which all events occurred that fixed the government's potential liability for a wrongful denial of a promotion. Plaintiff filed her complaint on July 7, 2015, and the statute of limitations ran, at the

latest, on February 16, 2015. As a result, we do not have jurisdiction to hear plaintiff's claim for failure to promote.

Plaintiff also argues that her claim accrued on November 14, 2011, because this is the date that the value of her claim reached $10,000. This argument is unavailing. There is not a jurisdictional minimum for this court. The Court of Federal Claims has concurrent jurisdiction with the United States District Courts over claims against the United States "not exceeding $10,000 in amount." 28 U.S.C. § 1346(a)(2). Moreover, the dispositive date for the purposes of the statute of limitations is the date the claim accrued and not the date the value of the claim reaches a certain amount.

We also do not have jurisdiction over plaintiff's disability rating claim. This claim accrued in 1994, well outside the six-year statute of limitations, and, in any event, has already been decided. *See Leonard v. United States*, No. 95-817 (Fed. Cl. Aug. 15, 1996).

## CONCLUSION

Because plaintiff's claims are too late, we grant defendant's motion to dismiss for lack of subject-matter jurisdiction. The clerk is directed to dismiss the complaint and enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Senior Judge